IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JAMES STUDENSKY,** § | | |
| **CHAPTER 7 TRUSTEE** § | | |
| *Plaintiff*, § | | **6:21-CV-00028-DTG** |
| § | | |
| v. § | | |
| § | | |
| **PEGGY S. BORGFELD, ET AL.** § | | |
| *Defendants*. § | | |

**ORDER DENYING PLAINTIFF'S
SUPPLEMENTAL MOTION FOR NEW TRIAL (ECF NO. 188)**

Before the Court is Plaintiff James Studensky's Supplemental Motion for New Trial filed on December 22, 2023. ECF No. 188. Defendants Peggy S. Borgfeld, Ryan H. Downton, and Jeffrey P. Madison responded on January 5, 2024. ECF No. 189. Plaintiff filed a reply on January 12, 2024. ECF No. 190.

After considering the relevant facts, applicable law, and the briefing, the Court **DENIES** Plaintiff's Supplemental Motion for a New Trial, ECF No. 188.

**I.   BACKGROUND**

This case involves an effort by Plaintiff—the bankruptcy trustee—to recoup over twenty-three million dollars ($23,000,000.00) of distributions that Defendants made to themselves in the months before their company, Little River, filed for bankruptcy. Little River filed bankruptcy on July 24, 2018. *In re Little River Healthcare Holdings, L.L.C,* 18-60526-RBK, ECF No. 1 (W.D. Tex. Bankr. Ct). On July 24, 2020, Plaintiff filed an adversary complaint in that bankruptcy and alleged that Defendants as owners and officers of Little River engaged in conduct that breached their fiduciary duties of care and loyalty to Little River when they caused Little River to distribute $23,225,821 to Defendants during 2016 through 2018. *Studensky v. Borgfeld (In re*

1

*Little River Healthcare Holdings, LLC)*, Adv. No. 20-06062-RBK, Adversary Complaint ECF No. 1, at 2 (W.D. Tex. Bankr. Ct July 24, 2020). The complaint further alleged that Defendants breach contributed to Little River's bankruptcy. *Id.* Plaintiff then filed a Consolidated and Amended Complaint. *Id*. ECF No. 69. The amended complaint further alleged that these distributions were in violation of Little River's credit agreement with Monroe Capital L.L.C.—a Little River creditor. *Id*. at 23-24.

The District Judge referred this case to the undersigned after withdrawing the bankruptcy reference. On January 12, 2021, Defendants filed a Motion to Withdraw Reference of the case from the bankruptcy court to the United States District Court for the Western District of Texas, Waco Division. Motion to Withdraw Reference. ECF No. 1 at 3–9.[1] On May 4, the Court granted Defendants' Motion. ECF No. 3. All parties then consented to trial by the Magistrate Judge, and the case was fully referred to the undersigned. ECF No. 70.

This case was tried to a jury in July of 2023. The trial began on July 10, 2023, and concluded on July 14, 2023, after hearing from several witnesses and receiving multiple exhibits. The jury heard testimony from Plaintiff and Plaintiff's expert witnesses. ECF No. 171 at 117–308. The jury also heard testimony from Defendants and Defendants' expert witness. ECF No. 173 at 122–68. The jury was instructed on the burdens of proof, constructive fraud, actual fraud, and Defendants' fiduciary duties to Little River. ECF No. 162. The jury returned a verdict finding that Defendants did not commit any actual fraud, constructive fraud, or breaches of their

---

[1] Unless otherwise noted, citations to ECF Nos. refer to filings in this case's docket, *Studensky v. Borgfeld*, No. 6:21-cv-00028-DTG.

fiduciary duties to Little River. ECF No. 167. On August 1, 2023, a final judgment was entered based on the verdict. ECF No. 174.

On December 22, 2023, Plaintiff filed Supplemental Motion for New Trial based on allegedly new evidence that became known during the criminal trial of Defendant Madison. ECF No. 188. Plaintiff's Supplemental Motion claims that text messages and testimony from Defendant Madison's criminal trial qualify as newly discovered evidence that warrants a new trial under Federal Rules of Civil Procedure Rule 60. ECF No. 188 at 4–14.

Defendants filed a Response to the Supplemental Motion for New Trial. They argue that they did not commit discovery misconduct and that the evidence on which Plaintiff bases his Supplemental Motion for New Trial is not newly discovered within the meaning of Rule 60. ECF No. 189.

Plaintiff filed a reply, and the Supplemental Motion is ripe for a decision.

## II.    DISCUSSION

The Supplemental Motion seeks a new trial under Rule 60(b)(2) and (b)(3) based on the discovery of additional documentary and testamentary evidence and Defendants alleged misconduct. The documentary evidence consists of text messages that were produced by Defendant Borgfeld in the criminal case. ECF No. 188 at 2. Despite requests for such text messages in the present case, and the production of at least some text message in the present case, Plaintiff contends that Defendants withheld thousands of text message that should have been produced in the civil case. *Id*. at 5 n.6; ECF No. 190 at 3. Plaintiffs Supplemental Motion identifies several specific text messages that are relevant to the present case, but improperly withheld by Defendants. ECF No. 188 at 6-9.

Plaintiff also identifies testamentary evidence presented at Defendant Madison's criminal trial that is relevant to the present case. Specifically, Plaintiff points to the testimony of Cook, O'Neal, and Marioni as evidence that Defendant Madison knew Defendants were engaged in unlawful conduct. *Id*. at 5. Plaintiff cites deposition testimony of Defendant Madison, Defendant Downton, and Defendants' expert to show that the criminal conduct is highly relevant as all three admitted that any criminal conduct would drastically affect the solvency of Little River. *Id*. 3-4. They also point to Defendants Madison and Downtown's deposition testimony that they ensured compliance with the law—a point the new testamentary evidence contradicts. *Id*. at 4. As more than 28 days have passed since entry of the judgment, Plaintiff's Supplemental Motion seeks a new trial under Rule 60.

Defendants contend that Plaintiff's Supplemental Motion should be denied. They point out that they "produced most" or "[t]he vast majority" of the text messages in this and a related case. ECF No. 189 at 4-5. Defendants go so far as to argue that even though they did not produce all the text messages or state that they were withholding any text messages, Plaintiff was not diligent in pursuing this newly discovered evidence. ECF No. 189 at 6 (noting that Plaintiff never identified the three witnesses as persons with relevant knowledge, never subpoenaed documents from them, and failed to depose each of them). They also note that Plaintiff called Cook during the trial of a related case, deposed O'Neal in a related case after he had plead guilty in a criminal proceeding, and could have deposed or called Marioni since he plead guilty to the criminal charges over a year before trial of the present case. *Id*. 189 at 3-4. Defendants claim the new evidence is not material by attacking the credibility of the witnesses and claiming that since the government never tried to recoup the payments to Little River—which has been in

4

bankruptcy since 2008—the new evidence would not change the outcome of the previous civil trial. *Id*. at 9-12.

A.   **Plaintiff's Supplemental Motion Based on Rule 60(b)(2) is Denied for Lack of Diligence or Materiality.**

To obtain a new trial under Rule 60(b)(2), Plaintiff must establish five elements. First, he must prove that the new evidence was discovered after trial. Second, he must demonstrate that he exercised due diligence to obtain the evidence before trial. Third, the new evidence must not be solely cumulative or for impeachment. Fourth, the evidence must be material. Fifth, and finally, the evidence must be such that it will likely result in a new verdict. *Rosebud Sioux Tribe v. A&P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984); *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir. 1980). Plaintiff is requesting extraordinary relief that is generally viewed with disfavor. *Rosebud*, 733 F.2d at 515. As such, Plaintiff must strictly satisfy all the requirements. *Johnson Waste*, 611 F.2d at 597.

All the evidence Plaintiff points to was identified after trial. The testamentary evidence that Plaintiff identifies is from Defendant Madison's criminal trial. That trial occurred in October and November of 2023, while the present case was tried in July of 2023. *See* ECF No. 188-1 (Crim. Tr. Vol 1, October 16, 2023). The testamentary evidence Plaintiff relies on is the testimony of three of Defendant Madison's criminal co-conspirators— Todd Cook (ECF No. 188-1 at 46-80), Robert O'Neal (*Id*. at 82), and Ruben Marioni (*Id*. at 11-44). There is no question this testimony was given after the trial of the pending case. Similarly, Plaintiff identified several text messages from Defendant Borgfeld that first came to light in the criminal case. ECF No. 188 at 6-9; ECF No. 190 at 3. Defendant does not contest that at least some of the text messages were not produced in the present case. ECF No. 189 at 4 ("Defendants actually produced most of them . . ."), 5 ("The vast majority of Borgfeld and Madison's text messages are

not 'new evidence.'"), 8 ("the text messages (most of which were previously in the Trustee's possession)").

Defendants' argument that since the evidence is new it does not qualify for relief under Rule 60 is incorrect. As discussed below, there is no genuine dispute that the text messages were in existence before the trial of this case. Defendant Madison's criminal conviction and the criminal trial testimony of Cook, O'Neal, and Marioni might have occurred after trial of this case, all three testified to facts that occurred before the trial of this case. As such, the testimony may form the basis of relief under Rule 60, if all the other requirements are met. *See Chilson v. Metro. Transit Auth.*, 796 F.2d 69, 72 (5th Cir. 1986) (holding an audit that was created after trial could support a new trial under Rule 60 because the audit revealed a fact—an overpayment—that existed before the trial); *Rosebud Sioux*, 733 F.2d at 516 (finding diligence and Rule 60 satisfied when later grand jury testimony revealed an earlier deposition contained perjured testimony because the fact of perjury existed at the time of the earlier deposition even if it was not revealed until later).

Plaintiff demonstrated that he used sufficient diligence to obtain the text messages before trial. Plaintiff identifies the request for production that should have resulted in production of Defendant Borgfeld's emails. ECF No. 188 at 5 n 6. Defendant never told Plaintiff they were withholding texts or indicated in any way that they were reading the request for production narrowly or had additional text messages that they had withheld. Plaintiff has demonstrated sufficient diligence regarding the text messages. *See Kettenbach v. Demoulas*, 901 F. Supp. 486, 495 (D. Mass 1995) (holding that a party not need to exhaust all discovery to be diligent under Rule 60).

6

Plaintiff has not, however, demonstrated diligence in obtaining the testamentary evidence. Defendants point out that Plaintiff called Cook as a witness in a related case and Plaintiff's counsel twice defended Cook's deposition in a related case. While Cook apparently answered every question, Plaintiff failed to explain whether it inquired of Defendant Madison's involvement in the conspiracy with which Cook was charged. ECF No. 189 at 3-4. Aside from testimony where Cook discusses text messages, Plaintiff does not point to any testimony from Cook that could not have been obtained in the present case. The only new testimony from Cook that Plaintiff points to is Cook's admission of guilt and his statement that he plead guilty because, he "was a high-level executive at Little River. During the course of my tenure, I became aware that MSOs [Management Services Organizations] were compensating physicians." ECF No. 188-1 at 47 lines 18-23. Plaintiff also deposed O'Neal in a related case after O'Neal plead guilty to criminal charges, and O'Neal answered all of the questions without asserting his Fifth Amendment privilege. ECF No. 189 at 4. While Plaintiff contends that during O'Neal's deposition he never implicated Defendant Madison, Plaintiff fails to demonstrate where he asked O'Neal about Defendant Madison's involvement or asked any other question that would have elicited Defendant Madison's involvement in improper payments to physicians. As for Marioni, Defendant contends that Plaintiff should have known what he was going to say because he plead guilty in his criminal case on July 21, 2022, more than a year before the trial of this case. *See* ECF No. 189-1. Plaintiff attempted to depose Marioni, however, in a related case on January 25, 2023—well after Marioni plead guilty—and Marioni asserted his Fifth Amendment privilege in response to nearly every question. ECF No. 188 at 3; ECF No. 190-1 at 6-12 (EXHIBIT J). Plaintiff failed to identify, however, where he asked any of the witnesses about Defendant Madison, Borgfeld, or Downton's involvement in improper payments to physicians or in the

7

crimes with which the witnesses were charged or plead guilty. Similarly, Plaintiff offers no explanation for its failure to subpoena any of these witnesses for the trial of this case. TK

Plaintiff's Supplemental Motion based on the witness testimony demonstrates an attempt to undue a strategic decision regarding how to try this case. Plaintiff was aware of all three witnesses, deposed all three in related cases, and chose not to subpoena any of them for the trial of this case. Plaintiff was aware of the criminal indictment against Defendant Madison, and as he had not been convicted or plead guilty, the Court prevented Plaintiff from raising that indictment at the underlying trial. ECF No. 188 at 8 n.3. Plaintiff could have subpoenaed the witnesses for the trial of this case or sought a delay of the trial until after Defendant Madison's criminal trial concluded. Defendants' failure demonstrates a lack of diligence, and a strategic decision that does not justify granting a new trial under Rule 60(b)(2). The most analogous case the Court has found involved a dispute between a bank and a trust over funds that were misappropriated by a third party. *See Lyons v. Jefferson Bank & Trust*, 944 F.2d 716, 728-729 (10th Cir. 1993). After the bank lost at trial, it sought a new trial under Rule 60 based on the criminal conviction of the third party. *Id*. The trial and appellate courts found a lack of diligence by the bank because several pieces of evidence—including the third party's assertion of his Fifth Amendment privilege at a deposition—gave the bank reason to suspect it was the victim of criminal conduct. *Id*. The bank, like Plaintiff here, did not move for a continuance but proceeded to trial only to seek a new trial after the third party plead guilty. *Id*.; *see also Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309-1310 (11th Cir. 2003) (holding that plaintiff failed to show diligence that would justify relief from an adverse summary judgment in light of later testimony at a criminal trial, because the plaintiff never requested extension of the civil discovery cut off or a stay of the civil case pending the criminal trial).

Defendants claims regarding the text messages, however, are unpersuasive. Defendants acknowledge that they did not produce all of Defendant Borgfeld's texts to Plaintiff like they did for the government in the criminal case. ECF No. 189 at 4 (noting that "Defendants actually produced most of them."), 5 ("The vast majority of Borgfeld and Madison's text messages are not 'new evidence.'"). Even when Defendants point to the production of text messages in the related Blue Cross case, they acknowledge "production of most of the text messages." *Id*. Defendants recount how Blue Cross had to compel production of the text messages and how Plaintiff attended the hearing on that motion. *Id*. at 4-5. Yet the best Defendants can state is that "[t]he vast majority of Borgfeld and Madison's text messages are no 'new evidence.'" *Id*. No rule of procedure supports Defendants' claim that most or close is good enough.

The Court is persuaded that new evidence identified by Plaintiff are cumulative of evidence that was or could have been presented at trial. While Defendants failed to produce an astonishing number of text messages, none of the newly discovered text messages identified by Plaintiff provide wholly new evidence. The most notable new text messages that Plaintiff identifies are the April 22, 2016, text string discussing an audit by Blue Cross of a competitor hospital, and the November 24, 2015, text message referencing bankruptcy—possibly in jest. ECF No 188 at 7-8. Even when viewed in the light most favorable for Plaintiff, these text messages are cumulative of alleged problems Little River was having with Blue Cross that Plaintiff presented to the jury. For example, the jury heard about irregularities and billing problems at Little River. ECF No. 189 at 8 n.7. Similarly and as noted above in the discussion of diligence, the new testimony of Marioni, O'Neal, and Cook implicating Defendant Madison is cumulative of testimony Plaintiff could have pursed but chose not to for the trial of the present case. *See Farm Credit Bank of Texas v. Guidry*, 110 F.3d 1147, 1154-55 (5th Cir. 1997) (denying

9

a Rule 59 motion because facts known before trial but not disclosed until after do not qualify as newly discovered facts.); *Parilla-Lopez v. United States*, 841 F.2d 16, 19 (1st Cir. 1988) (evidence that was available before trial but not obtained until after because of a conscious strategic decision by the party does not qualify as new evidence). Also, the Supplemental Motion does not present the type of directly contradictory evidence that existed in the cases cited by Plaintiff. *See Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 364 (5th Cir. 2018) (finding that that the plaintiff withheld medical records that directly contradicted his purported reason for a hospital visit, which was also the basis for his lawsuit); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (finding that defense counsel withheld a study by defendant that was responsive to discovery and addressed the specific product defect asserted by the plaintiff); *Rosebud Sioux*, 733 F.2d at 515 (relying on later grand jury testimony that revealed perjury and criminal conduct).

The new evidence is material. This case involved the question of whether Defendants committed fraud or breached fiduciary duties by transferring funds to themselves at a time when they knew the company would become insolvent. Before trial of this case, Defendants' expert acknowledged the significance of criminal activity would have on his solvency opinion. ECF No. 188-1 at 90 (Robichaux Depo.), lines 166:25-170:8. Defendant Madison made the same acknowledgement in his deposition. *Id*. at 94 (Madison Depo.), lines 59:11-60:19. Even Defendant Downton agreed to the same when he testified at the criminal trial. *Id*. at 84 (Crim. Tr.), lines 5765:16-21. In a case that involves fraud and the solvency of a company before distributions, the testimony acknowledging Defendant Madison's involvement in criminal conspiracy is highly material.

Given the cumulative natures of the new evidence, the Court is unable to say that it would result in a new verdict. While testimony by admitted criminal co-conspirators who claim that Defendant Madison was aware of the alleged illegal payments could change the result of this case, the fact that the jury already heard about similar concerns from Blue Cross makes it less likely to change the result. The credibility issues Defendants raise in their response might prevent the result from being different, but they might not. Those points—whether the witness have plea agreements—go to the weight of the testimony, and not whether its likely to result in a new verdict.

Given the extraordinary nature of Plaintiff's requested relief, the Court is persuaded that Plaintiff failed to demonstrate that he was diligent regarding the witness testimony and failed to demonstrate that the new evidence is not cumulative of what he could have presented at trial. Therefore, Plaintiff's Supplemental Motion for New Trial based on Rule 60(b)(2) is therefore **DENIED**.

**B.     Plaintiff's Supplemental Motion Based on Rule 60(b)(3) is Denied.**

Turning to the second portion of Plaintiff's Supplemental Motion requires the Court to address the standard under Rule 60(b)(3). To obtain a new trial under Rule 60(b)(3), Plaintiff must establish two different elements. He must prove that Defendants engaged in fraud or other misconduct. And he must prove that Defendant's misconduct prevented Plaintiff from fully and fairly presenting his case. *Hernandez*, 907 F.3d at 364; *Rozier*, 573 F.2d at 1339. Plaintiff must establish these elements by a heightened standard—clear and convincing evidence. *Hernandez*, 907 F.3d at 364.

Plaintiff basis his request for a new trial under Rule 60(b)(3) on Defendants failure to produce all of Defendant Borgfeld's text messages. ECF No. 188 at 6, 13. Plaintiff points out

that three sets of Defendant Borgfeld's text messages were produced in this case and contained approximately 2,400 messages, while the document produced in the criminal case contained over 7,600 messages. ECF No. 190 at 3. Plaintiff's Supplemental Motion highlights several messages that were never produced in the underlying case—including messages about competitors being audited by Blue Cross and comments about potential bankruptcy. ECF No. 188 at 7-8.

Defendants engage in several misguided attempts to rebut the allegation of discovery misconduct. As noted above, they repeatedly state that they produced most of the text messages as though the Rules of Procedure allow producing most of the responsive documents. Defendants also try to claim that their attorney at the time—Defendant Downton—was not in possession of the text messages when he responded to discovery in April 2021. ECF No. 189 at 13. That claim ignores Rule 34 and its requirement that documents be "in the responding party's possession, custody, or control." Fed. R. Civ. P. Rule 34. Requests for production are not limited to what a party's lawyer has in his possession. Additionally, Defendant Downton acknowledges that by April of 2022, he had possession of all the text messages from the criminal trial, but still only produced a portion of those text messages. ECF No. 189 at 13; ECF No. 189-9 ¶ 3. Defendants similarly attempt to blame Plaintiff for not seeking to compel the additional text messages—which Plaintiff had no reason to know existed until they came to light in the criminal trial—and to narrowly read Plaintiff's request for production to justify producing only some of the text messages in this case. *Id*. at 13-14.

Nothing in the text messages that have been identified, however, prevented Plaintiff from fully and fairly litigating their case. Plaintiff's Supplemental Motion contains several excerpts from the newly discovered text messages. ECF No. 188 at 6-9. Plaintiff's Reply clarifies which of those messages were never produced by Defendant. ECF No. 190-1 at 2 (Decl. of Atty

12

Gallagher, ¶¶ 4-11), 4 (Decl. of Atty Powers, ¶¶ 5-12). The most telling of those text messages reference an audit by Blue Cross of a competitor and a potential joke about bankruptcy. ECF No. 7-8. Plaintiff's theory of the case was that Defendants made transfers when they knew or should have known the company would become insolvent because of Blue Cross's behavior. Nothing in the cited text messages directly addresses that theory or expressly contradicts statements previously made by Defendants. The text messages are not like the medical records that came to light in *Hernandez* and that contradicted the plaintiff's sworn testimony. *Hernandez*, 907 F.3d at 364-365 (holding that the plaintiff's misrepresentations to the court and failure to disclose the true reason for his hospital visit prevented defendants from fully and fairly litigating their case). Neither are the text messages like the defendant's internal cost study that was discovered by the plaintiff after trial and that directly contradicted the defendant's prior interrogatory responses in *Rozier*. *Rozier*, 573 F.2d at 1345 (holding that failure to produce a key internal study prevented the plaintiff from fully and fairly presenting its case because it dropped certain claims and failed to pursue certain evidence that the withheld document would have supported).

Because Plaintiff has not satisfied the second element under Rule 60(b)(3) by clear and convincing evidence, that grounds of relief requested in Plaintiff's Supplemental Motion for New Trial is **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Supplemental Motion for a New Trial (ECF No. 188) based on Rule 60(b)(2) is **DENIED** and based on Rule 60(b)(3) is **DENIED**.

**SIGNED this 30th day of September, 2024.**

_____
**DEREK T. GILLILAND**
**UNITED STATES MAGISTRATE JUDGE**